PLANT & CUBBEDGE, plaintiffs in error, *v.* THE EUFAULA
HOME INSURANCE COMPANY, defendant in error.

(Atlanta, June Term, 1870.)

1. INSURANCE—RISK LIMITED TO FORTY DAYS—DETEN-
TION—WAIVER.—Where an insurance was a risk upon the rail-
road, river, and by sea, from Macon to Savannah, via the Ocmulgee
river, and was limited, by the policy, to forty days, and the goods in-
sured were detained at Buzzard Roost by the unseaworthiness of the
craft, in which, by the policy, they were to be shipped down the
river, so that it had to be unloaded and a new craft built and the
goods transhipped, and the company, by its written consent, agreed
to the change:
*Held,* That the detention, caused by the removal of the goods and
the building of a new craft and the transhipment to that, was waived
by the company and was not to be counted in the forty days.
2. NEW TRIAL—VERDICT RIGHT UPON FACTS—CHARGE
ON IMMATERIAL POINT — VERDICT CONTRARY TO
CHARGE.—When the verdict of the jury is right upon the facts, a
new trial ought not to be granted, because the jury have found con-
trary to the charge of the Court in a matter not material to the find-
ing, in view of all the facts of the case.

131          *Insurance. Waiver. New Trial. Before Judge Cole.
Bibb Superior Court. November Adjourned Term,
1869.

This cause has twice before been before this Court: See
36th Georgia Reports, 623, and 37th Georgia Reports, 672.

Plant & Cubbedge v. Eufaula Home Ins. Co

In the 37th Georgia Reports, the main facts are stated. It is necessary to call attention to some of them, more especially to present the present case. On the 24th of July, 1865, Plant & Cubbedge shipped by the Macon and Brunswick Railroad, from Macon to Buzzard Roost, (Station No. 3 on said railroad,) thirteen bales of cotton, to Hotchkiss & Nunnally. On that day the defendant insured it for the sum of $2,000 00, the insurance to begin "immediately following the delivery thereof on board of the railroad cars at Macon, and so shall continue and endure until said goods and merchandise shall be safely landed at Savannah, (Georgia,) if done in forty days." Said policy further stated: "This insurance is declared to be on thirteen bales of cotton, from Macon to Buzzard Roost, on the Macon and Brunswick Railroad cars, from Buzzard Roost to Darien, by the flat of Hotchkiss & Nunnally, and from Darien to Savannah, by steamer or sail vessel, and risk to allow forty days for the trip, unless sooner made."

The flat belonging to Hotchkiss & Nunnally, at Buzzard Roost, sunk, before said cotton was put upon it. L. F. Choice & Company were building another box, at that point. It was not finished and the river was low. These causes detained the plaintiff's cotton. Cubbedge informed defendant's agent of the sinking of said flat, told him of the detention, and asked him to strike out from the policy "flat of Hotchkiss & Nunnally," and to insert in lieu thereof "box of L. F. Choice & Company," and the agent did so. Cubbedge testified that this change in the policy was made on or about the 14th of August, 1865. (The agent testified that it was made some time in July.) On the 4th of September, 1865, the cotton started from Buzzard Roost to Darien on said box of Choice & Company, and proceeded well till the 16th of September, when it run under a stooping tree and was sunk, *etc. These facts were shown upon the trial, and with them was evidence of a sale of so much of the cotton as was saved from the wreck. The Court charged the jury that "unless the cotton insured was stopped by stress of weather, (which means storms, tempest, or unavoidable accidents,) plaintiffs can not recover." The jury found for the plaintiffs. Defendant moved for a new trial, upon the grounds that the verdict was contrary to the evidence and to law, in that the forty days were past before the loss, and because the verdict was contrary to said charge. The Court granted a new trial, and that is assigned as error.

Lanier & Anderson, for plaintiffs in error, said the time was prolonged by the delay: 3 Kent's Com., 256; 32 Penn. Rept's, 351.

W. Poe, for defendant, said the words of the policy bind: 1 Bouv. Ins., sec. 1198; 3 Kent's Com., 307, 405. As to time Policies: 24. Wend. R., 330. Grants of New Trials not readily reversed: 24th Ga. R., 412; 26th, 164.

McCAY, J.

We do not care to go into the question so elaborately argued, as to the meaning of the various exceptions contained in the policy. This case turns, in our judgment, upon the written consent given by the agent of the company to change the craft. The policy was dated July 24th, 1865, the loss occurred 16th September, 1865. As the policy was but for forty days, the company is not liable, unless the insured are within the exceptions, or the time was extended. As we have said, the meaning of the terms of the policy, in view of the nature of the risk, (part land, part river, and part sea,) is much disputed, and we do not think easily settled. But under the proof, we think that the time consumed at Buzzard Roost in changing the craft and transhipping, ought not to be counted in the forty days. The policy specified a certain craft; as appears by the proof, it was to the interest of the company the craft should be changed. Its agent was appealed *to, informed of the facts, and as late as the 14th of August, consented to the change. It seems to us that the time consumed in making this change, (during which none of the risks insured against existed,) ought not to be counted as part of the period. The written consent to the change was a new contract, and all the incidents to the change were included. The law requires the utmost good faith on the part of the insured, and this he seems to have fully met. The delay caused by the changed of craft, was for the benefit of the company, entered upon in good faith by the assured, with the consent of the agent. The verdict of the jury can be sustained by this view of the case whatever we might hold upon the other points made in the record; and we do not, therefore, decide them. Under the facts of the case, if the time lost in making the change of craft is counted out of the forty days, the jury might well have found as they have, and we therefore reverse the judgment granting a new trial.

Judgment reversed.